# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GEORGE SAMUEL K. WYLAND,**

        **Plaintiff,**

**v.**                              **Case No:  6:13-cv-1353-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

# MEMORANDUM OF DECISION

George Samuel K. Wyland (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits.   Doc. No. 1.   Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) assigning the opinions of Drs. James Badman and Rex Birkmire no weight; and 2) finding his testimony concerning his pain and limitations not credible.   Doc. No. 17 at 13-23.   Claimant argues that the matter should be reversed for an award of benefits or, in the alternative, remanded for further proceedings.   Doc. No. 17 at 24.   For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.      STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.   *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (the court also must consider evidence detracting from evidence on which the Commissioner relied).   The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.     ANALYSIS.

### A.  Dr. Badman.

Claimant filed an application for a period of disability and disability insurance benefits. R. 23, 125-129.  Claimant alleged disability beginning on March 1, 2009.  *Id*.  Claimant last met the insured status requirements of the Social Security Act on December 31, 2013.  R. 25. Claimant challenges the ALJ's decision to assign no weight to Dr. Badman's October 15, 2009 RFC assessment.   Doc. No. 17 at 13-17.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining

disability.   In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh

Circuit held that whenever a physician offers a statement reflecting judgments about the nature

and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the

claimant can still do despite his or her impairments, and the claimant's physical and mental

restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight

given to it and the reasons therefor.   *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2),

416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   "'In the absence of such

a statement, it is impossible for a reviewing court to determine whether the ultimate decision on

the merits of the claim is rational and supported by substantial evidence.'"   *Winschel*, 631 F.3d

at 1179 (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or

considerable weight.   *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was
> not bolstered by the evidence; (2) evidence supported a contrary
> finding; or (3) treating physician's opinion was conclusory or
> inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-

41).   Thus, good cause exists to give a treating physician's opinion less than substantial weight

when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the

opinion is conclusory or inconsistent with the physician's medical records.

The record reveals that Dr. Badman treated Claimant between 2004 and 2011.   *See, e.g.*,

R. 211, 604-12.   Therefore, Dr. Badman qualifies as a treating physician.   *See* 20 C.F.R. §

404.1502.

On October 15, 2009, Dr. Badman completed a "Multiple Impairment Questionnaire" (the

"Assessment").   R. 211-18.   While Dr. Badman expressed an opinion that Claimant is unable to

work an eight (8) hour workday due to his impairments, he also expressed specific opinions concerning Claimant's functional limitations.  *Id.*   More specifically, Dr. Badman opined that Claimant can sit for no more than one (1) hour in an eight (8) hour workday, and stand/walk for no more than one (1) hour in an eight (8) hour workday.   R. 213.   Dr. Badman opined that Claimant can occasionally lift five (5) pounds or less, occasionally carry ten (10) to twenty (20) pounds, and frequently carry five (5) pounds or less.   R. 214.   Dr. Badman opined that Claimant's ability to grasp and finger is moderately limited, while his ability to reach is markedly limited.   R. 214-15.   Dr. Badman opined that Claimant should not kneel, bend, or stoop, and avoid fumes, gases, temperature extremes, humidity, and dust.   R. 217.   Dr. Badman opined that Claimant is incapable of low stress work, and is not a malingerer.   R. 216.

At step two of the sequential evaluation process, the ALJ found that Claimant suffers from severe impairments of asthma, chronic obstructive pulmonary disease, and clinical atopy.   R. 25. At step four of the sequential evaluation process, the ALJ determined that Claimant has a RFC to perform "sedentary work" with the following functional limitations:[1]

> The claimant is able to lift and/or carry 10 pounds occasionally and five pounds or less frequently.   He can sit, with normal breaks, for a total of about eight hours in an eight-hour workday.   The claimant can stand and/or walk, with normal breaks, for about two hours in an eight-hour workday.   The claimant's ability to push and/or pull (including operation of hand and/or foot controls) is unlimited, other than as limited by lifting/carrying above.   The claimant can never crawl or climb ladders, ropes, or scaffolds.   He can occasionally perform other postural activities such as climb ramps and stairs, balance, bend, stoop, kneel, and crouch.   The claimant requires a climate controlled workplace environment free of such respiratory irritants as extreme heat or cold, wetness, humidity, fumes, odors, dusts, gases, etc.   Because of his breathing problem, the claimant is

---

[1] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.   Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.   Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."   20 C.F.R. § 404.1567(a).

> limited to jobs requiring an ability to produce and sustain speech at
> only one-half the normal talking rate due to necessary pauses to
> catch his breath.

R. 26-27.[2]   In reaching this RFC, the ALJ provided an accurate summary of Dr. Badman's

Assessment.   R. 28.   Thereafter, the ALJ found that Dr. Badman's opinion that "the claimant is

unable to work is given no weight because this opinion is not supported by [his] own treatment

record for the claimant, or by the record as a whole."   R. 30.   The ALJ said nothing more about

the remainder of Dr. Badman's opinions concerning Claimant's functional limitations.   *Id.*

The ALJ is responsible for making the ultimate determination about whether a claimant

meets the statutory definition of disability.   20 C.F.R. § 404.1527(d)(1).   Therefore, the ALJ

properly gave no weight to Dr. Badman's opinion that Claimant is unable to work, because such a

determination is reserved to the ALJ.   *See Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743,

745 (11th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1)).   However, the ALJ

totally failed to articulate what weight, if any, was given to Dr. Badman's opinions regarding

Claimant's functional limitations.   R. 30.   As a result, the Commissioner's decision must be

reversed.   *Winschel*, 631 F.3d at 1178-79.

Even if the ALJ's decision concerning Dr. Badman's opinion that Claimant is unable to

work is broadly construed to encompass Dr. Badman's opinions concerning Claimant's functional

limitations, reversal is still warranted.   Claimant maintains that Dr. Badman's opinions were

consistent with the clinical findings and diagnostic evidence identified in the Assessment and not

contradicted by other substantial evidence, and thus the ALJ's reasons for assigning the

Assessment no weight is not supported by substantial evidence.   Doc. No. 17 at 13-17.   In

---

[2] At the hearing, the ALJ posed a hypothetical consistent with the foregoing RFC, and the VE testified that Claimant would not be capable of performing his past relevant work, but would be capable of performing other work, such as an addresser, call-out operator, and surveillance system monitor.   R. 56-57.

response, the Commissioner argues that the "ALJ adequately stated and explained the reasons for the weight given to Dr. Badman's opinion."   Doc. No. 19 at 10. [3]   In so arguing, the Commissioner attempts to provide the explanation that is lacking from the ALJ's decision by highlighting portions of the medical record she maintains are inconsistent with Dr. Badman's Assessment.   *Id*. at 10-12.   The Court, however, will not affirm the Commissioner's decision based on such post hoc rationalization.   *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). [4]

The ALJ's reasons for assigning Dr. Badman's Assessment no weight are conclusory. Specifically, the ALJ does not explain how the Assessment is inconsistent with Dr. Badman's clinical records or other medical evidence of record.   R. 30.   Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.   *See Anderson v. Astrue*, Case No. 3:12-cv-308-J-JRK, 2013 WL 593754, at \*5 (M.D. Fla. Feb. 15, 2013) (the ALJ must do more than recite a good cause reason to reject a treating physician's opinion and must articulate evidence supporting that reason); *see also Poplardo v. Astrue*, Case No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at \*11

---

[3] The Commissioner maintains that the Eleventh Circuit has found statements similar to those given by the ALJ here are "sufficient for stating and explaining the weight given [to] an opinion."   Doc. No. 19 at 10 (citing *Forrester v. Comm'r of Soc. Sec.*, 455 F. App'x 899 (11th Cir. 2012).   However, the *Forrester* decision is inapposite.   Though not entirely clear from the Eleventh Circuit's opinion, the ALJ articulated specific reasons, with reference to medical records and findings that supported those reasons, for assigning the treating physician's opinions limited weight. *Forrester v. Comm'r of Soc. Sec.*, Case No. 6:09-cv-1655-Orl-GJK, Doc. No. 17 at 21-24 (M.D. Fla. Jan. 12, 2011). That was not done in the case at bar.

[4] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11th Cir. R. 36-2.

(M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating physician's opinion requires remand); *Paltan v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").   The Court will not attempt to determine what evidence the ALJ relied on in determining that the Assessment is inconsistent with Dr. Badman's clinical records and other medical evidence of record, as such an exercise would impermissibly require the Court to reweigh the evidence.   *See, e.g.*, *Anderson*, 2013 WL 593754, at *5; *Poplardo*, 2008 WL 68593, at *11; *Paltan*, 2008 WL 1848342, at *5.   Consequently, even construing the ALJ's decision broadly, his decision is not supported by substantial evidence because he did not articulate good cause for assigning Dr. Badman's Assessment less than substantial or considerable weight.[5]   For these reasons, the Commissioner's decision must be reversed.[6]

Since reversal is necessary, the Court must address Claimant's bald request that the case be remanded for an award of benefits.   Doc. No. 17 at 24.[7]   Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice.   *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits);

---

[5] Though the Commissioner does not argue harmless error, the Court notes that the error could not be deemed harmless given the material discrepancies between Dr. Badman's opinions concerning Claimant's functional limitations and the ALJ's RFC determination.   *Compare* R. 26-7 *with* R. 211-18.

[6] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments.   *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).   However, the Court notes that the ALJ's reasons for assigning Dr. Birkmire's May 12, 2010 mental RFC assessment (R. 316-23) no weight are also deficient.   Therefore, on remand, the ALJ must remedy this deficiency as well.

[7] Claimant devotes no portion of his brief to his request that the case be remanded for an award of benefits.   Doc. No. 17.   Instead, Claimant simply includes a request that the case be remanded for an award of benefits in the conclusion of his brief.   *Id*. at 24.

*See Walden*, 672 F.2d at 840.   Here, reversal is based on the conclusory reasons articulated by the ALJ for assigning Dr. Badman's Assessment less than substantial or considerable weight.   Neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice.   Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

III.   **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.   The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 16, 2015.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable William H. Greer
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Bldg., Suite 400
8880 Freedom Xing Trl.
Jacksonville, FL 32256-1224